UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**MARY L. ANGELO**                                              **CIVIL ACTION**

**VERSUS**                                                      **NUMBER 02-887-JJB-DLD**

**MICHAEL ASTRUE, COMMISSIONER
OF SOCIAL SECURITY**

### REPORT AND RECOMMENDATION

This matter is before the court for a report and recommendation on plaintiff's appeal from an unfavorable decision of the Commissioner of Social Security Administration ("the Commissioner") denying her claim for supplemental security income benefits.

*Background*

The claimant filed her application on October 4, 1999, alleging disability from March 1, 1988, based on hypertension, headaches, and anxiety/depression. Following an unfavorable decision by the ALJ on June 27, 2001, the claimant filed a Complaint in this court. On the request of the Commissioner, due to use of by the ALJ of an improper severity standard at step two of the disability analysis, the court remanded the action to for further proceedings. Further proceedings were held, and another unfavorable decision was issued by the ALJ. At the second hearing, the claimant also alleged that in addition to hypertension, migraine headaches, and anxiety/depression, she had "blackouts" and panic attacks. In his Decision in May 2006, the ALJ found that she had the sole severe impairment of hypertension. The ALJ found that she had the non-severe impairment of mild dysthemia. (R244). The ALJ also found that her panic attacks, blackouts, and migraine headaches were not medically determinable impairments, because there were no objective medical signs or laboratory findings to support the existence of any of these

complaints.(R245). Instead, the ALJ stated that Dr. Boucvalt "merely took the claimant's blood pressure and weight, then prescribed her medications." (R245). The ALJ noted that the claimant was prescribed Fiorinol and Tranxene for headaches on a frequent (too frequent) basis, without evidence of examination or narrative in the treatment records, and that "[t]his behavior is more indicative of drug dependence than of significant underlying medical impairments." (R248). The ALJ found a residual functional capacity for the full range of medium work, no past relevant work, and using the Medical-Vocational Rules 203.21 and 203.06, found the claimant not disabled.[1]

## *Argument of Parties*

In her Complaint, the sole error alleged is that the ALJ erred in failing to consult a vocational expert concerning the claimant's non-exertional impairments. However, the claimant also appears to challenge the ALJ's finding that her headaches were not medically determinable and severe impairments, as the claimant argues that her "concentration is impaired and her headaches are so severe that they affect her reliability."[2] Therefore, the court frames the claimant's statement of errors as follows:

1) the ALJ's finding that the claimant's sole non-exertional impairment was non-severe dysthymia was not supported by substantial evidence, as substantial evidence in the record supported a finding that the claimant's headaches were a medically determinable and severe impairment;

2) the ALJ's reliance on the Medical-Vocational Rules 203.21 and 203.06 without vocational expert testimony was error.

---

[1] While a vocational expert, Richard D. Corbin, was present at the hearing, he was apparently not called to testify.

[2] Plaintiff's Memorandum of Facts and Law In Support of His Brief (rec. doc. 30), p. 9.

***Applicable Law***

The Social Security Act provides for the payment of benefits to persons who have contributed to the program and "who suffer from a physical or mental disability." *Loza v. Apfel*, 219 F.3d 378, 390 (5th Cir. 2000), citing 42 U.S.C. § 423(a)(1)(D)(1991). As used in the Act, the term "disability" is defined as the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period not less than twelve months. *Id.*, citing 42 U.S.C. § 423(d)(1)(A); *Bowen v. Yuckert*, 482 U.S. 137, 140, 107 S.Ct. 2287, 96 L.Ed.2d 119 (1987); *Anthony v. Sullivan*, 954 F.2d 289, 292 (5th Cir. 1992).

In reviewing the Commissioner's decision to deny disability benefits, this Court is limited to a determination of whether the Commissioner's decision was supported by substantial evidence existing in the record as a whole and whether the Commissioner applied the proper legal standards. See, e.g., *Harrell v. Bowen*, 862 F.2d 471, 475 (5th Cir. 1988). Substantial evidence means more than a scintilla, but less than a preponderance, and is such relevant evidence as a reasonable mind might accept to support a conclusion. *Id.* In applying this "substantial evidence" standard, the Court must carefully scrutinize the record to determine if, in fact, substantial evidence supporting the decision does exist, but the Court may not re- weigh the evidence in the record, nor try the issues de novo, nor substitute its judgment for the Commissioner's even if the evidence preponderates against the Commissioner's decision. *Id.* A finding of "no substantial evidence" will be made only where there is a conspicuous absence of credible choices or an absence of medical evidence contrary to the plaintiff's position. *Id.*

However, the substantial evidence standard of review is not a mere rubber stamp for the Commissioner's decision, and it involves more than a search for evidence supporting the Commissioner's findings. *Cook v. Heckler*, 750 F.2d 391, 393 (5th Cir. 1985). The Court must scrutinize the record and take into account whatever fairly detracts from the substantiality of evidence supporting the Commissioner's findings. *Id.*

At steps one through four of the five-step sequential analysis, the overall burden of proving disability under the Social Security Act rests on the claimant. *Jones v. Heckler*, 702 F.2d 616, 620 (5th Cir. 1983). The determination of a claimant's residual functional capacity ("RFC") at step four is exclusively reserved for the Commissioner rather than for the claimant's physicians. 20 C.F.R. §§ 404.1527(e)(2), 404.1546. If the Commissioner makes a determination at step four that a claimant's RFC enables her to perform her past relevant work, the claimant is deemed not disabled and the Commissioner is not required to move on to step five of the sequential process. *Thomas v. Shalala*, 1994 WL 854240 (W.D. La. 1994), citing *Ferguson v. Schweiker*, 641 F.2d 243, 246 (5th Cir. 1981); *Scott v. Heckler*, 770 F.2d 482, 484 (5th Cir. 1985). The overall burden of proving disability under the Social Security Act rests on the claimant, and the claimant has the burden of proof on the first four steps of the disability analysis. See, e.g., *Jones v. Heckler*, 702 F.2d 616, 620 (5th Cir. 1983). If a claimant proves that she no longer is able to perform past relevant work, then the burden shifts to the Commissioner to show that there is some other type of substantial gainful activity that the claimant can perform. *Id.* Thus, in cases where the Commissioner determines that the claimant cannot perform her past relevant work and reaches the fifth step of the five-step disability sequential analysis, the Commissioner bears

the burden of establishing that there is other work in the economy that the claimant can perform.  *Perez v. Schweiker*, 653 F.2d 997, 999-1000 (5th Cir. 1981).

If the law was properly applied, and if the Commissioner's decision is supported by substantial evidence, the Commissioner's findings must be affirmed.  *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427 ( 1971) (internal citations omitted).

***Discussion***

The issue before this Court is whether the Commissioner's finding that plaintiff is not disabled is supported by the substantial evidence and was reached by applying the proper legal standards.  42 U.S.C. § 405(g ).

To establish disability, the claimant must first prove that he suffers from a medically determinable impairment. 42 U.S.C. §§ 416(I)(1), 423(d)(1)(A). Second, the claimant must prove that his impairment or combination of impairments renders him unable to engage either in the work he previously performed or other substantial gainful employment that exists in the national economy. 42 U.S.C. §§ 416(I)(1), 423(d)(2)(C).

In this case, the ALJ determined at the second step that the claimant's headaches were not a medically determinable impairment at all, and therefore neither her headaches nor the side effects of the medications taken for them were considered at any step in the five-step disability determination process.  The ALJ acknowledged that the record showed treatment for headaches, but stated that "there are no accompanying diagnostic tests or objective evidence to support the existence of these migraine headaches."  (R245).  The ALJ further states that although she has been prescribed Fiorinol for headaches, "medical records from Dr. Boucvalt indicate that he merely took the claimant's blood pressure and weight, then re-prescribed her medications."  (R245).  The ALJ relied on SSR 96-4p, which

requires that an impairment be established by medical evidence consisting of signs, symptoms, and laboratory findings, but, as emphasized by the ALJ in his Decision, "*under no circumstances may the existence of an impairment be established on the basis of symptoms alone.*" (R245). The ALJ considered the claimant's regular use of Fiorinal prescribed by her physician for her headaches, but stated that this is a Class III addictive substance, and that claimant's frequent use and request for this medication, and also Tranxene, was "more indicative of drug dependence than of significant underlying medical impairments." (R246).

In making his determination that there was no medical evidence to support her headaches as a medically determinable impairment, the ALJ did not note that the record shows that during an emergency room visit to Earl K. Long Hospital on October 3, 1999, the record's final diagnosis was "Migraine HA." (R125). Also at Earl K. Long Hospital, on May 28, 2000, it was noted that the claimant had "very tender temporalis muscles" and a final diagnosis was rendered of "headache" and "anxiety." (R219). In that chart, it is noted that "HA patient describes have characteristics of both muscle contraction tension HA and migraine like headaches." (R123). The ALJ also did not discuss a Physical Residual Functional Capacity Assessment performed on June 15, 2000, by a Disability Determinations Examiner II, D.Gordon, in which the Examiner found that "her allegation of migraine headaches are credible." (R140). Also, in a prior decision on June 27, 1996, another ALJ found that claimant's headaches *were* an impairment, (R50), although another ALJ subsequently found that claimant's headaches were not a *severe* impairment, albeit using an improper severity standard. (R19).

In this case the both the ALJ's insistence upon objective medical evidence of the claimant's migraine headaches and his rejection of everything in the record was in error. Migraine headaches are particularly unsusceptible to diagnostic testing. See *Wiltz v. Barnhart*, 484 F.Supp.2d 524 (W.D.La. 2006), citing *Ortega v. Chater*, 933 F.Supp. 1071, 1075 (S.D.Fla.1996) (present-day laboratory tests cannot prove the existence of migraine headaches); *McCormick v. Secretary of Health and Human Services*, 666 F.Supp. 121 (E.D.Mich.1987) (migraine headaches not traced easily to an objective medical condition), aff'd, 861 F.2d 998 (6th Cir.1988). As the *Wiltz* and *Ortega* courts noted, there are medical signs which should be viewed as objective evidence of migraine. In this case, the claimant has been prescribed medication for migraines for years. She has been diagnosed with migraine headache by multiple physicians in the record. The Commissioner's own examiner found her complaints of migraine headaches credible, and another ALJ in a prior decision found that her headaches were at least a medically determinable impairment. While the ALJ may well be correct that the claimant has a developed a drug addiction, that additional problem does not necessarily negate the existence of an underlying medically determinable

impairment of headache, migraine or otherwise.[3]

Therefore, the court finds that the ALJ's finding that the claimant's headaches, migraine or otherwise, were not a medically determinable impairment was not supported by substantial evidence.  This error was not harmless, and was prejudicial to the claimant, and therefore the matter must be remanded.  See *Hall v. Schweiker*, 660 F.2d 116, 119 (5th Cir. 1981); *Frank v. Barnhart*, 326 F.3d 618, 622 (5th Cir. 2003).  That is, had the ALJ found the claimant's headaches to be a severe impairment, and had he considered the side effects of her medications for same, the ALJ might well have found a lesser residual functional capacity. Furthermore, had the claimant's headaches or medication side effects been found to be severe impairments, use of the grids would have been error.  *Lawler v. Heckler*, 761 F.2d 195, 198 (5th Cir. 1985).[4]

On remand, the ALJ must determine whether or not the claimant's headaches and medication side effects are a severe impairment at step two of the sequential analysis, and if either are severe impairments, then the ALJ must not rely exclusively on the grids in determining the claimant's residual functional capacity.

---

[3] The Court finds further error at step two in the ALJ's failure to articulate an adequate consideration of the side effects of plaintiff's multiple medications.  In *Loza v. Apfel*, 219 F.3d 378, 397 (5th Cir. 2000), the Fifth Circuit held that the side effects of medication can "render a claimant disabled or at least contribute to a disability."  The Fifth Circuit has also held that if an individual's medical treatment, including drug therapy, significantly interrupts the ability to perform a normal eight-hour work day, then an ALJ must determine whether the effects of the treatment preclude a claimant from engaging in gainful activity.  *Francois v. Commissioner of Social Security*, 158 F.Supp.2d 748, 770 (E.D. La. 2001), citing *Newton v. Apfel*, 209 F.3d 448, 459 (5th Cir. 2000).  Similarly the Commissioner's own regulations require him to consider the "type, dosage, effectiveness, and side effects of any medication" taken to alleviate symptoms of a condition. *Francois*, 158 F.Supp.2d at 769, citing 20 C.F.R. § 404.1529(c)(3)(iv), and *Crowley v. Apfel*, 197 F.3d 194, 199 (5th Cir. 1999).  On remand, the ALJ should consider the side effects of her prescribed medications.

*Recommendation*

Accordingly, pursuant to the fourth sentence of 42 U.S.C. § 405(g), the Magistrate Judge recommends that final judgment be entered reversing the decision of the Commissioner denying benefits and remanding the matter to the Commissioner for further proceedings consistent with the opinion of the Court, including the presentation of any further relevant evidence developed by the parties.[5]

The Magistrate Judge further recommends that the Commissioner be directed to forward a copy of the Court's opinion and report to the ALJ hearing the matter on remand.

Signed in Baton Rouge, Louisiana, on . January 29, 2008

_____
**MAGISTRATE JUDGE DOCIA L. DALBY**

---

[5] See *Brenem v. Harris*, 621 F.2d 688, 690 n. 1 (5th Cir. 1980)(". . . with a remand ordered the hearing shall cover all pertinent evidence," including evidence that might not otherwise warrant a remand for new evidence).  Relevant evidence may include evidence subsequent to the prior decision and/or subsequent to the expiration of insured status where such evidence is relevant to the determination of whether an impairment existed as well at an earlier time.  See also, e.g., *Ivy v. Sullivan*, 898 F.2d 1045, 1048 (5th Cir. 1990).

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**MARY L. ANGELO**                                              **CIVIL ACTION**

**VERSUS**                                                            **NUMBER 02-887-JJB-DLD**

**MICHAEL ASTRUE, COMMISSIONER**
**OF SOCIAL SECURITY**

**NOTICE**

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U.S. District Court.

In accordance with 28 U.S.C. §636(b)(1), you have ten days from date of receipt of this notice to file written objections to the proposed findings of fact and conclusions of law set forth in the Magistrate Judge's Report.  A failure to object will constitute a waiver of your right to attack the factual findings on appeal.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on January 29, 2008.

_____
**MAGISTRATE JUDGE DOCIA L. DALBY**